FRANKLIN O. SAYLES *vs.* PETER BRIGGS.

Where, in an action of slander, the declaration contains two counts alleging the utter ance of similar words at different times, and a verdict is returned for the plaintiff, on one count, and for the defendant on the other, the counts are not on several and distinct causes of action, so as to entitle the defendant to costs, within the true meaning and intention of Rev. Sts. c. 121, § 16.

THIS was an action of slander, and the declaration contained two counts alleging the utterance of similar slanderous words by the defendant, at different times. A verdict was returned for the plaintiff on the first count, and for the defendant on the second. The defendant claimed costs for the travel and at-tendance of the witnesses examined by him on the trial of the second count, under the provision in Rev. Sts. c. 121, § 16. These witnesses all testified respecting the facts in controversy on the issues upon both counts ; the defendant having justified

the speaking of the words, and having attempted to prove them to be true.

*Wells* and *Porter*, for the defendant, cited *Canfield* v. *Gaylord*, 12 Wend. 236. *Seymour* v. *Billings*, 12 Wend. 285. *Rogers* v. *Arnold*, 12 Wend. 288, *note.*

*Bishop*, for the plaintiff.

WILDE, J. The defendant moves for costs on the last count in the declaration, the jury having returned a verdict in his favor on that count. The motion is founded on the Rev. Sts. *c.* 121, § 16, which provides that " when there are two or more counts, in any case, on several and distinct causes of action, and a verdict shall be rendered for the plaintiff on one or more of them, and for the defendant on any other or others, each party shall recover his costs, paid for the travel and attendance of witnesses, and for depositions and other evidence, produced, examined or used on the trial of the counts, upon which the verdict is in his favor." To bring a case within this section, it must appear that there are two or more counts in the declaration on distinct causes of action ; and this we think does not appear in the present case. It is true that the causes of action, in one sense, are distinct, but not within the true meaning and intention of the statute. The defendant is charged with the speaking of slanderous words at different times ; but in both instances the import of the words is the same, charging the plaintiff with the same offence. All the evidence, offered in support of the two counts, would have been admissible, if there had been but one count in the declaration. Words spoken at different times may be included in one count ; Stark. on Slander, 369 ; and words not specified in the declaration may be given in evidence to prove malice, although the words so given in evidence be actionable. Holt on Libel, 291, 292, *note.* 2 Stark. Ev. 869, 870. The plaintiff's evidence, therefore, might have been the same, if there had been only one count in the declaration, and there had been no charge of the repetition of the slanderous words. So also, as the defendant justified the speaking of the words, and attempted to prove them true, he incurred no additional expense in consequence of the second

count. We think, therefore, that this is not a case within the true meaning of the statute, and the defendant's motion for costs must be overruled.